```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| EDWARD JOHN PALLIES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LENAPE VALLEY FOUNDATION, et al. | : | NO. 25-735 |

<u>MEMORANDUM</u>

Bartle, J.                                                March 31, 2025

      Plaintiff, Edward John Pallies, a citizen of New Jersey has sued his former employer Lenape Valley Foundation ("Lenape"), its Chief Executive Officer Sharon Curran, and its Human resources Director Traci Gorman as a result of his being terminated as Lenape's Chief Financial Officer. Lenape is a group medical practice located in Bucks County, Pennsylvania. All defendants are citizens of the Commonwealth. Pallies asserts one claim for violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. 34:19-1, et seq., one claim for violation of the Pennsylvania Whistleblower Law, 43 Pa. C.S. § 1421 et seq., and two claims for violation of the New Jersey Law against Discrimination, N.J. Stat. Ann. 10:5-12(d) and (e).

      Defendants have moved to dismiss the three claims that were filed under New Jersey law. Defendants maintain that Pennsylvania law and not New Jersey law applies under Pennsylvania choice of law rules.

This action was originally filed in the Superior Court of New Jersey. Defendants timely removed it to the United States District Court for the District of New Jersey. That court granted defendants' motion for lack of personal jurisdiction and in the interests of justice transferred this action to this district. Since the New Jersey Court did not have personal jurisdiction, the choice of law rules of this court apply, to the extent, of course, that the issue of choice of law is a relevant issue. See Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Doe v. Archdiocese of Phila., Civ. A. No. 20-3024, 2021 WL 796142 at *4 (E.D. Pa. Mar. 2, 2021).

The choice of law analysis is relevant only where there is a true conflict between the laws of two states. A false conflict exists if there is no material difference between such laws or where only one state's laws would be impaired by the application of the laws of another state. Hammersmith v. TIG Insurance Co., 480 F.3d 220, 229-30 (3d Cir. 2007). Defendants contend that there would be no impairment of New Jersey law if it is not applied because the New Jersey statutes in issue do not govern the factual situation presented here. It is defendants' position that while the plaintiff was a resident of New Jersey, he worked predominantly in person at Lenape in Pennsylvania, its only place of business, and that any alleged

wrongdoing occurred in Pennsylvania.  Defendants cite numerous cases to support the proposition that New Jersey law does not apply extraterritorially to workplace discrimination against its residents when the resident works beyond its borders.  See e.g., Norris v. Harte-Hanks, Inc., 122 F. App'x 566, 568 (3d Cir. 2004); Kunkle v. Republic Bank, 21-cv-20245, 2023 WL 438688 *5-6 (D. N.J. July 5, 2023); Devine v. Apollo Health Sheet, Inc., Civ. A. No. 09-3039, 2010 WL 1730852, at *2 (E.D. Pa. April 26, 2010).

To decide a motion to dismiss, the court must accept as true the well pleaded facts in the first amended complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This pleading unfortunately is rather vague as to where all the relevant underlying events took place.  As a result, the court cannot make an informed decision on defendants' motion at this early stage.  It will be necessary for the parties to conduct discovery before this issue is ripe.

Accordingly, the motion of the defendants to dismiss the three claims of plaintiff under New Jersey law found in Counts I, II, and IV of the first amended complaint will be denied without prejudice.